RCV'D
11/29/18
J. ___

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 29 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
LINDSAY ASHBY,

                Plaintiff,

        v.

WORLD ENERGY FORUM,

                Defendant.
------------------------------------x

**MEMORANDUM & ORDER**
18-CV-5957 (KAM)

MATSUMOTO, United States District Judge:

    On October 22, 2018, plaintiff Lindsay Ashby filed this *pro se* civil action against World Energy Forum, her former employer, seeking unpaid wages. Currently before the court is plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the court denies plaintiff's application.

    Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional cost of $50, for a total of $400. A court may exercise its discretion to waive the filing fee upon finding a plaintiff indigent. 28 U.S.C. § 1915(a)(1); *Gibson v. City Municipality of New York*, 692 F.3d 198, 200 (2d Cir. 2012) (holding that "federal law generally permits a district court to waive [filing] fees for those who cannot afford them" (citing § 1915(a)(1))); *Hughes v. City of Albany*, 76 F.3d 53, 55 (2d Cir. 1997) (holding that for plaintiffs "seeking in forma pauperis status," ... [t]he discretion to waive prepayment of

filing fees [is] conferred upon district judges by Section 1915");
*Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.
2002) ("Leave to proceed in forma pauperis may be granted 'in any
suit, action or proceeding, civil or criminal, or appeal therein'
to a litigant who 'submits an affidavit that includes a statement
of all assets such [person] possesses that the person is unable to
pay such fees or give security therefore.' " (quoting §
1915(a)(1))). Whether a plaintiff qualifies for *in forma pauperis*
status is within the discretion of the district Court. *DiGianni v.
Pearson Educ.*, No. 10 Civ. 206, 2010 WL 1741373, at *1 (E.D.N.Y.
Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F.Supp. 304, 308
(S.D.N.Y. 1996)).

Here, Plaintiff submitted an IFP application with her
complaint (Docket Entry No. 2). The Court has reviewed her
submission to determine if she is financially eligible to
proceed without paying the filing fee. In her request to
proceed *in forma pauperis*, plaintiff states that in her position
with a new employer, she earns $3647.92 gross ($2626.50 net)
wages every two weeks or a gross annual salary of more than
$94,000.00. The monthly expenses she identifies total
approximately $2,400.00, less than the net total of one of her
two bi-monthly paychecks. Although plaintiff also identifies
other long-term debts, payments for all but two, back taxes
totalling $10,092.00 and $832.69 in monthly credit card debt,

2

are included in her monthly expenses. The Court finds that plaintiff's financial declaration does not support a showing of indigency. Thus, the Court declines to grant *in forma pauperis* status.

In order to proceed with this action, plaintiff must pay $400 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Order. If plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

**CONCLUSION**

Accordingly, the court denies plaintiff's application to proceed *in forma pauperis* because it finds that plaintiff's financial declaration does not support a showing of indigency. Therefore, if plaintiff wishes to proceed with this action, she must pay the filing fee of $400 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Memorandum and Order. If plaintiff pays the filing fee, she must also provide an address for defendant so that a summons may be prepared for service. No summons shall issue at this time, and all further proceedings shall be stayed for fourteen days. If plaintiff fails to submit the filing fee within the time allowed, the complaint shall be dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of Court is respectfully directed to serve a copy of this memorandum and order on *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

                                        /s/
                              Kiyo A. Matsumoto
                              United States District Judge

Dated:    Brooklyn, New York
           November 27, 2018